**Reverse and Remand and Opinion Filed July 8, 2014**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-11-00253-CV**

## IN THE INTEREST OF S.K.D AND J.E.D., MINOR CHILDREN

**On Appeal from the 256th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 05-19830-Z**

## MEMORANDUM OPINION

Before Justices Bridges, Lang, and Richter[1]
Opinion by Justice Bridges

Katherine Duncan appeals the trial court's order modifying the parent-child relationship appointing John Duncan as joint managing conservator of S.K.D. and J.E.D. with the exclusive right to designate both children's residence and ordering Katherine to pay $800 per month in child support. In four issues, Katherine argues the trial court erred in not entering an order consistent with a mediated settlement agreement between the parties, failing to make specific findings regarding child support, awarding attorney's fees against Katherine, and not conducting a jury trial as requested. We reverse the trial court's order and remand for further proceedings.

As an initial matter, we note this Court's opinion on original submission was withdrawn on the Court's own motion. However, before the Court was John's motion to withdraw opinion and dismiss the appeal in which John stated Katherine had died during the pendency of the

---

[1] The Hon. Martin Richter, Justice, Assigned

appeal. Katherine's counsel filed a response urging this Court to uphold the Mediated Settlement Agreement in this case. Neither party provided proof of Katherine's death. Further, both parties urge this Court to address the merits of the trial court's action in entering its order modifying the parent-child relationship by either affirming the trial court's order or reversing and remanding for further proceedings, respectively. Accordingly, we address Katherine's arguments on appeal.

In May 2006, John and Katherine divorced. John and Katherine were named joint managing conservators of their two children, S.K.D. and J.E.D., with John having primary custody and the right to determine the residence of the children. The divorce decree further obligated Katherine to pay $100 per month in child support and required John to maintain health insurance for the children. In June 2006, Katherine filed a petition to modify the parent-child relationship seeking to have herself appointed sole managing conservator with the exclusive right to designate the primary residency of the children. In November 2007, the trial court referred the case to mediation, and a mediated settlement agreement (MSA) was reached in March 2008. Under the terms of the MSA, John and Katherine remained joint managing conservators of S.K.D. and J.E.D., but Katherine was given primary of S.K.D., their daughter, with the exclusive right to establish her residence. John retained primary possession of their son, J.E.D. The MSA further required John to pay $1050 per month in child support and continue to provide health insurance for the children.

On November 11, 2008, Katherine filed an emergency petition to modify the parent-child relationship in which she sought modification of the divorce decree "and/or" the MSA. The same day, the trial court entered an order dismissing the case for want of prosecution. On November 18, 2008, John filed a motion to reinstate the case, but he non-suited the motion to reinstate on December 15, 2008. The next day, the trial court dismissed the case without

prejudice. On December 22, 2008, John filed a first amended counter-petition to modify the parent-child relationship in which he sought to be named sole managing conservator of S.K.D. and J.E.D. with the exclusive right to designate the children's primary residence, consent to their medical treatment, and manage certain financial matters. Further, the motion requested that Katherine's access to the children be restricted and that she be ordered to submit to a psychological evaluation and six months of drug testing.

In November 2009, the trial court conducted a trial before the court at which Katherine represented herself pro se. Nearly a year after trial, on November 1, 2010, the trial court entered an order containing the court's findings that the circumstances of the children, a conservator, or other party had materially and substantially changed and that the requested modification was in the best interest of S.K.D. and J.E.D. The order provided that John and Katherine would remain joint managing conservators, but John was given the exclusive right, among other things, to designate the primary residence of S.K.D. and J.E.D. and to consent to psychological and psychiatric treatment. Katherine's possession of J.E.D. was roughly equal to John's but her access to S.K.D. was restricted to two hours of supervised access per week at Hannah's House Supervised Visitation and Exchange Center. During the first six months following the entry of the order, Katherine was ordered to submit to random drug testing three times at a time and location determined by John. Finally, the order awarded John $50,000 in attorney's fees against Katherine. This appeal followed.

In her first issue, Katherine argues the trial court erred by not entering an order in accordance with the parties' March 2008 MSA. Specifically, Katherine relies on section 153.0071 of the family code in arguing that a mediated settlement agreement in a suit affecting the parent-child relationship is "enforceable," and an "MSA cannot be repudiated to prevent

–3–

judgment on the matter." Essentially, Katherine argues the MSA entitled her to an order in strict accordance with the terms of the MSA, and the trial court erred in failing to enter such an order.

Section 153.0071 of the family code provides that, if an MSA meets the requirements of that section, "a party is entitled to judgment on the [MSA] notwithstanding Rule 11, Texas Rules of Civil Procedure, or another rule of law." TEX. FAM. CODE ANN. § 153.0071(d), (e) (West 2008). It is clear that the MSA statute was enacted with the intent that, when parents have agreed that a particular arrangement is in their child's best interest and have reduced that agreement to a writing complying with section 153.0071, courts must defer to them and their agreement. *In re Lee*, 411 S.W.3d 445, 455 (Tex. 2013). Section 153.0071 encourages parent to peaceably resolve their child-related disputes through mediation by foreclosing a broad best interest inquiry with respect to entry of judgment on properly executed MSAs, ensuring that the time and money spent on mediation will not have been wasted and that the benefits of successful mediation will be realized. *Id.* A trial court may not deny a motion to enter judgment on a properly executed MSA under section 153.0071 based on a broad best interest inquiry. *Id.* We sustain Katherine's first issue. Because of our disposition of Katherine's first issue, we need not address her remaining issues.

We reverse the trial court's order and remand for further proceedings consistent with this opinion.

110253F.P05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF S.K.D AND J.E.D.,
MINOR CHILDREN, Appellant

No. 05-11-00253-CV

On Appeal from the 256th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. 05-19830-Z.
Opinion delivered by Justice Bridges.
Justices Lang and Richter participating.


In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion..

It is **ORDERED** that appellant Katherine Duncan recover her costs of this appeal from appellee John Duncan.


Judgment entered July 8, 2014